HARVEY B. KEESLER et al., Individually and as Stockholders of MONSEY GLEN ESTATES, INC., Respondents, v. MONSEY GLEN ESTATES, INC., et al., Defendants, and BERNARD WALTZER et al., Appellants. HARVEY B. KEESLER et al., Respondents, v. BERNARD WALTZER et al., Appellants.— In two actions, tried together upon issues set forth in a statement filed pursuant to CPLR 3031, for an accounting and to declare the rights of the respective parties arising out of and with respect to a number of real estate ventures, defendants Waltzer, Schumer and Danel Holding Corp. appeal from so much of a judgment of the Supreme Court, Rockland County, entered October 1, 1964 upon the decision of a Special Referee after a nonjury trial before him, as awarded $29,790 to each of the plaintiffs with respect to an 80-acre tract, and as awarded $7,175 to each of the plaintiffs with respect to a 9-acre tract. Judgment, insofar as appealed from, modified on the law and the facts, without costs, and actions remitted to Special Term or to the Special Referee for the entry of a decree in accordance with this decision and for further proceedings not inconsistent herewith. Findings of fact implicit or contained in the decision of the Special Referee which may be inconsistent herewith are reversed and new findings are made as indicated herein. We agree with the learned Referee that the con-

veyances of May 18, 1963 were without authority and in violation of section 20 of the Stock Corporation Law. It is also our opinion that the consideration paid by the grantees for the 89 lots deeded to them was inadequate to the extent of the $800 a lot, as found by the Referee. However, a part of the damages assessed by him was with respect to a Zachman tract not here involved. The Zachman tract here involved consisted of 9 lots (containing about 9.07 acres) as part of the 89 lots conveyed on May 18, 1963 to defendants Waltzer and Schumer. The Zachman tract to which the Referee referred — the tract which was sold for $39,525 — embraced the 12 acres sold to the Town of Ramapo pursuant to an agreement made January 8, 1963, which provided for the erection on such 12 acres of a sewer plant to service the 89 lots here involved. Therefore, the $18,000 paid by said defendants for the 9 Zachman lots should be deducted from the $99,300 on the basis of which the Referee granted damages for the 89 lots. On this corrected basis, the damages sustained by each plaintiff was $24,390 by reason of the challenged conveyances of May 18, 1963. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.